UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| FREIGHTLINER OF PHILADELPHIA (TRANSTECK, INC.), | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of race, and to provide appropriate relief to Winston Jones, a diesel technician, who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Defendant Employer, Freightliner of Philadelphia (Transteck, Inc.), discriminated against Winston Jones because of his race (black), when Defendant failed to increase his wages despite displaying excellent performance, while substantially raising the pay of a less qualified and less proficient white diesel technician. As a result of the discrimination, Mr. Jones suffered back pay losses and emotional distress.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII

1

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Freightliner of Philadelphia (Transteck, Inc.) ("Defendant" or "Freightliner"), has continuously been and is now doing business in the State of Pennsylvania and the City of Levittown, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Winston Jones filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, Defendant Employer has engaged in unlawful employment practices at its Levittown, Pennsylvania facility, by unlawfully subjecting Charging Party Winston Jones to discrimination because of his race, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a)     Winston Jones (black) has over twenty (20) years experience as a diesel technician. He has a Commercial Driver's License ("CDL"), which allows him to drive and operate heavy equipment. He also has licenses to conduct state safety inspections and repair air conditioning systems in vehicles, among other certifications.

(b)     In or about 2004, Winston Jones began working as a diesel technician for Freightliner at its Levittown, Pennsylvania facility. He was hired to work approximately 40 hours per week at $20 per hour.

(c)     His duties and responsibilities as a diesel technician were to repair electrical, transmission, suspension, front-end, engine, cooling, heating, and clutch problems; troubleshoot trucks; perform oil changes; and conduct state safety inspections.

(d)     Winston Jones was an outstanding worker for Defendant. He consistently ranked among the top technicians at the facility with respect to efficiency. At all relevant times throughout his employment, Freightliner advised him that his work was satisfactory, and never disciplined him because of his performance.

(e)     Defendant typically grants pay increases in conjunction with performance reviews. In August 2005, Mr. Jones received his first performance review. The review indicated that he had 103% efficiency and was regarded as "an all around good technician." Freightliner service manager Shawn Stevens (white) raised Mr. Jones' hourly pay rate from $20 to $21 per hour. Winston Jones' August 2005 review stated that he was scheduled to have another performance review in February 2006. Yet, he never received a review in February 2006; nor has he received one since August 2005.

(f)     In or about 2006, Defendant substantially raised the pay of a white technician from $18 per hour to $26 per hour. However, this white technician had received numerous documented

write-ups for poor performance, poor work quality, or customer complaints. Moreover, this worker had no licenses and fewer certifications than Mr. Jones. Equally troubling, the technician was awarded a raise in pay despite not being administered the required performance review; a clear violation of Defendant's policy.

(g) Other less performing and comparable non black technicians also received raises in pay in 2006 without being given a required performance review. However, despite his excellent record as a diesel technician, Winston Jones received no pay increases.

(8) The effect of the practices complained of in paragraph 7(a) through (g) above has been to deprive Winston Jones of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

(9) The acts complained of in paragraph 7 were intentional.

(10) The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Winston Jones as a black male.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination and any other employment practice which discriminates on the basis of race.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination.

D.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

E.      Order Defendant Employer to make whole Winston Jones by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.      Order Defendant Employer to make whole Winston Jones by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including but not limited to out-of-pocket losses in amounts to be

determined at trial.

G. Order Defendant Employer to make whole Winston Jones by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including pain and suffering, humiliation, embarrassment, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

H. Order Defendant Employer to pay Winston Jones punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>	RONALD S. COOPER
>	General Counsel
>
>	JAMES L. LEE
>	Deputy General Counsel
>
>	GWENDOLYN YOUNG REAMS
>	Associate General Counsel
>
>	U.S. EQUAL EMPLOYMENT
>	OPPORTUNITY COMMISSION
>	1801 L. Street, NW
>	Washington, DC 20507
>
>	*/s/ Jacqueline H. McNair*
>	JACQUELINE H. MCNAIR
>	Regional Attorney
>
>	*/s/ Terrence R. Cook*
>	TERRENCE R. COOK
>	Supervisory Trial Attorney
>
>	*/s/ Woody Anglade*
>	WOODY ANGLADE
>	Trial Attorney
>
>	EQUAL EMPLOYMENT OPPORTUNITY
>	COMMISSION
>	Philadelphia District Office
>	801 Market Street, Suite 1300
>	Philadelphia, PA 19107-3127
>	Telephone (215) 440-2814